IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FITBIT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| ALIPHCOM D/B/A JAWBONE and ) | **DEMAND FOR JURY TRIAL** |
| BODYMEDIA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fitbit, Inc. ("Fitbit"), by and through its attorneys, for its complaint against AliphCom d/b/a Jawbone and BodyMedia, Inc. ("Defendants"), hereby alleges as follows:

### THE PARTIES

1. Fitbit is a Delaware corporation with its principal place of business located at 405 Howard Street, San Francisco, CA 94015.

2. On information and belief, AliphCom is a California corporation with its principal place of business located in San Francisco, California.

3. On information and belief, BodyMedia, Inc., is a Delaware corporation with its principal place of business located in Pittsburgh, Pennsylvania.

4. On information and belief, BodyMedia is a wholly owned subsidiary of AliphCom.

### JURISDICTION AND VENUE

5. This action for patent infringement arises under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

6. This Court has personal jurisdiction over Defendant AliphCom because, *inter alia*, AliphCom maintains continuous and systematic contacts with this judicial district. Either directly, or through its subsidiaries, agents, and/or affiliates, AliphCom has conducted and continues to conduct business in this judicial district, including by manufacturing, marketing, and selling infringing products throughout the United States and in the District of Delaware. These acts cause injury to Fitbit within this judicial district.

7. This Court has personal jurisdiction over Defendant BodyMedia, Inc. because, *inter alia*, BodyMedia is a Delaware corporation and maintains continuous and systematic contacts with this judicial district. Either directly, or through its subsidiaries, agents, and/or affiliates, BodyMedia has conducted and continues to conduct business in this judicial district, including by manufacturing, marketing, and selling infringing products throughout the United States and in the District of Delaware. These acts cause injury to Fitbit within this judicial district.

8. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b). Defendant BodyMedia is a Delaware corporation. Defendants have committed acts of infringement within this district, and a substantial part of the events giving rise to the claims occurred in this District.

## PATENTS-IN-SUIT

9. U.S. Patent No. 8,920,332 (the "'332 Patent"), entitled "Wearable Heart Rate Monitor," was duly and legally issued by the U.S. Patent and Trademark Office on December 30, 2014. The '332 patent is assigned to Fitbit. A true and correct copy of the '332 patent is attached as Exhibit A.

10. U.S. Patent No. 8,868,377 (the "'377 Patent"), entitled "Portable Monitoring Devices and Methods of Operating Same," was duly and legally issued by the U.S. Patent and Trademark Office on October 21, 2014. The '377 patent is assigned to Fitbit. A true and correct copy of the '377 patent is attached as Exhibit B.

11. U.S. Patent No. 9,089,760 (the "'760 Patent"), entitled "System and Method for Activating a Device Based on a Record of Physical Activity," was duly and legally issued by the U.S. Patent and Trademark Office on July 28, 2015. The '760 patent is assigned to Fitbit. A true and correct copy of the '760 patent is attached as Exhibit C.

12. The '332 patent, '377 patent, and '760 patent are collectively referred to herein as the "Patents-in-Suit." By assignment, Fitbit owns all right, title, and interest in and to the Patents-in-Suit. Fitbit has the right to sue and recover for the infringement of the Patents-in-Suit.

## BACKGROUND

13. Fitbit, Inc. is a company that helps people lead healthier, more active lives by empowering them with data, inspiration, and guidance to reach their goals. Fitbit is an innovator in the health and fitness market, addressing key needs with advanced technology embedded in cutting-edge but simple-to-use products and services. Since 2007, Fitbit has pioneered the connected health and fitness market, growing rapidly into a leading global health and fitness brand.

14. Fitbit wearable devices track sleep and activity. The Fitbit product line includes the Fitbit Zip, Fitbit One, Fitbit Flex, Fitbit Charge, Fitbit Charge HR, and Fitbit Surge.

15. Defendants manufacture, market, and sell activity trackers—including the UP Move, UP24, UP2, UP3, and UP4—that infringe one or more of the Patents-in-Suit.

Defendants' activity trackers are used in conjunction with the UP App, made available by Defendants as part of the "UP System."

16. On information and belief, AliphCom acquired BodyMedia, Inc. in April 2013 and incorporated BodyMedia's "multi-sensor approach" to physiological data collection and other BodyMedia technology into subsequent products. Products incorporating multiple sensors, such as temperature sensors and bioimpedance sensors, include at least the UP3 and UP4. On information and belief, BodyMedia has contributed to the design, development, manufacture, marketing, and/or sale of at least the UP Move, UP3 and UP4 devices.

## COUNT I
### (Infringement of U.S. Patent No. 8,920,332)

17. Fitbit realleges paragraphs 1 through 16 as though fully set forth herein.

18. In violation of 35 U.S.C. § 271, Defendants have infringed and continue to infringe the '332 patent in this judicial district and elsewhere in the United States, both literally and under the doctrine of equivalents. Defendants have infringed and have continued to infringe through the manufacture, use, offer for sale, sale, and/or importation of products, associated software, and components, including, without limitation, the UP3 and UP4, and the UP App software interface.

19. On information and belief, at least from the service of this Complaint, Defendants will contributorily infringe and/or actively induce infringement of the '332 patent in violation of 35 U.S.C. § 271(b)-(c), with knowledge of or willful blindness to the existence of the '332 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the induced acts would constitute patent infringement. On information and belief, each of the UP3 and UP4, each sold or offered for sale by Defendants, is not a staple article of commerce, is a component of a patented combination and material to

4

practicing the invention in the claims of the '332 patent, and has no substantial non-infringing uses. These products are sold directly to customers and used by customers to track and record physical activity in conjunction with the UP App in a manner that infringes the '332 patent.

20.     AliphCom's indirect infringement will occur by AliphCom's engaging in at least the following activities: designing and manufacturing the UP3 and UP4 devices and their components specifically for sale and use in the United States, including Delaware; selling and offering to sell these devices and their components in the United States or importing these devices and their components into the United States, including Delaware; and soliciting, encouraging, and enabling infringing activity in the United States, including Delaware, through promotional and instructional materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to activity monitors or the UP3 and UP4 devices, and by providing access to and encouraging use of the UP App and promoting the use of third-party applications.

21.     BodyMedia's indirect infringement will occur by BodyMedia engaging in at least the following activities: designing and manufacturing at least the UP3 and UP4 devices and their components specifically for sale and use in the United States, including Delaware; and selling and offering to sell these devices and their components in the United States or importing these devices and their components into the United States, including Delaware.

22.     Defendants' acts of infringement of the '332 patent have caused and will continue to cause Fitbit substantial and irreparable injury, for which Fitbit is entitled to receive injunctive relief and damages adequate to compensate Fitbit for such infringement.

23. This case is exceptional, and therefore, Fitbit is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

24. Fitbit is also entitled to damages under 35 U.S.C. § 284 for Defendants' infringement of one or more claims of the '332 patent.

## COUNT II
### (Infringement of U.S. Patent No. 8,868,377)

25. Fitbit realleges paragraphs 1 through 24 as though fully set forth herein.

26. In violation of 35 U.S.C. § 271, Defendants have infringed and continue to infringe the '377 patent in this judicial district and elsewhere in the United States, both literally and under the doctrine of equivalents. Defendants have infringed and have continued to infringe through the manufacture, use, offer for sale, sale, and/or importation of products, associated software, and components, including, without limitation, the UP Move, UP2, UP3, and UP4 and the UP App software interface.

27. On information and belief, at least from the service of this Complaint, Defendants will contributorily infringe and/or actively induce infringement of the '377 patent in violation of 35 U.S.C. § 271(b)-(c), with knowledge of or willful blindness to the existence of the '377 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the induced acts would constitute patent infringement. On information and belief, each of the UP Move, UP2, UP3, and UP4, each sold or offered for sale by Defendants, is not a staple article of commerce, is a component of a patented combination and material to practicing the invention in the claims of the '377 patent, and has no substantial non-infringing uses. These products are sold directly to customers and used by customers to track and record physical activity in conjunction with the UP App in a manner that infringes the '377 patent.

28. AliphCom's indirect infringement will occur by AliphCom's engaging in at least the following activities: designing and manufacturing the UP Move, UP2, UP3, and UP4 devices and other activity tracker devices and their components specifically for sale and use in the United States, including Delaware; selling and offering to sell these devices and their components in the United States or importing these devices and their components into the United States, including Delaware; and soliciting, encouraging, and enabling infringing activity in the United States, including Delaware, through promotional and instructional materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to activity monitors or the UP Move, UP2, UP3, and UP4 devices, and by providing access to and encouraging use of the UP App and promoting the use of third-party applications.

29. BodyMedia's indirect infringement will occur by BodyMedia engaging in at least the following activities: designing and manufacturing at least the UP Move, UP2, UP3, and UP4 and other activity tracker devices and their components specifically for sale and use in the United States, including Delaware; and selling and offering to sell these devices and their components in the United States or importing these devices and their components into the United States, including Delaware.

30. Defendants' acts of infringement of the '377 patent have caused and will continue to cause Fitbit substantial and irreparable injury, for which Fitbit is entitled to receive injunctive relief and damages adequate to compensate Fitbit for such infringement.

31. This case is exceptional, and therefore, Fitbit is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

32. Fitbit is also entitled to damages under 35 U.S.C. § 284 for Defendants' infringement of one or more claims of the '377 patent.

## COUNT III
### (Infringement of U.S. Patent No. 9,089,760)

33. Fitbit realleges paragraphs 1 through 32 as though fully set forth herein.

34. In violation of 35 U.S.C. § 271, Defendants have infringed and continue to infringe the '760 patent in this judicial district and elsewhere in the United States, both literally and under the doctrine of equivalents. Defendants have infringed and have continued to infringe through the manufacture, use, offer for sale, sale, and/or importation of products, associated software, and components, including, without limitation, the UP Move activity tracker and the UP App software interface.

35. On information and belief, at least from the service of this Complaint, Defendants will contributorily infringe and/or actively induce infringement of the '760 patent in violation of 35 U.S.C. § 271(b)-(c), with knowledge of or willful blindness to the existence of the '760 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the induced acts would constitute patent infringement. On information and belief, the UP Move and other activity trackers, each sold or offered for sale by Defendants, is not a staple article of commerce, is a component of a patented combination and material to practicing the invention in the claims of the '760 patent, and has no substantial non-infringing uses. These products are sold directly to customers and used by customers to track and record physical activity in conjunction with the UP App in a manner that infringes the '760 patent.

36. AliphCom's indirect infringement will occur by AliphCom's engaging in at least the following activities: designing and manufacturing the UP Move and other activity tracker

devices and their components specifically for sale and use in the United States, including Delaware; selling and offering to sell these devices and their components in the United States or importing these devices and their components into the United States, including Delaware; and soliciting, encouraging, and enabling infringing activity in the United States, including Delaware, through promotional and instructional materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to activity monitors or the UP Move device, and by providing access to and encouraging use of the UP App and promoting the use of third-party applications.

37. BodyMedia's indirect infringement will occur by BodyMedia engaging in at least the following activities: designing and manufacturing at least the UP Move and other activity tracker devices and their components specifically for sale and use in the United States, including Delaware; and selling and offering to sell these devices and their components in the United States or importing these devices and their components into the United States, including Delaware.

38. Defendants' acts of infringement of the '760 patent have caused and will continue to cause Fitbit substantial and irreparable injury, for which Fitbit is entitled to receive injunctive relief and damages adequate to compensate Fitbit for such infringement.

39. This case is exceptional, and therefore, Fitbit is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

40. Fitbit is also entitled to damages under 35 U.S.C. § 284 for Defendants' infringement of one or more claims of the '760 patent.

## JURY DEMAND

41.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fitbit respectfully requests a trial by jury on all issues.

## REQUESTED RELIEF

Fitbit respectfully seeks the following relief:

a)      The entry of judgment declaring that Defendants have infringed each of the Patents-in-Suit;

b)      An award of all available damages, including, but not limited to Fitbit's lost profits from Defendants' infringement of the Patents-in-Suit, but in any event not less than a reasonable royalty, together with pre-judgment and post-judgment interest;

c)      An injunction restraining Defendants and their affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from further infringement, further inducements of infringement, and further contributions to infringement of the Patents-in-Suit;

d)      The entry of an order declaring that this is an exceptional case and awarding Fitbit its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; AND

e)      An order awarding Fitbit any such other relief as the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Josh A. Krevitt<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 351-4000<br><br>Wayne M. Barsky<br>Jason C. Lo<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East<br>Los Angeles, CA 90067-3026<br>(310) 552-8500<br><br>Frederick S. Chung<br>Stuart M. Rosenberg<br>Neema Jalali<br>Alison Watkins<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 849-5392<br><br>October 29, 2015 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br>_____<br>Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br><br>*Attorneys for Plaintiff* |