**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FITBIT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-cv-990-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| ALIPHCOM d/b/a JAWBONE and | ) | **DEMAND FOR JURY TRIAL** |
| BODYMEDIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ALIPHCOM d/b/a JAWBONE AND BODYMEDIA, INC.'S**
**ANSWER AND COUNTERCLAIMS**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants AliphCom d/b/a Jawbone and BodyMedia, Inc. (collectively "Jawbone") answers the allegations of the Complaint, D.I. 1 ("Complaint") filed on October 29, 2015, by Fitbit, Inc. ("Fitbit."). Jawbone answers based upon actual knowledge as to itself and upon information and belief as to all other persons and events, as follows. All allegations not expressly admitted are denied.

**THE PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

**JURISDICTION AND VENUE**

5. Jawbone admits that the Complaint purports to state a cause of action for patent infringement. The remainder of paragraph 5 consists of conclusions of law to which no response is required. To the extent that a response is required, Jawbone admits that this Court has

jurisdiction over a properly pleaded complaint for patent infringement under 28 U.S.C. §§ 1331 and 1338.

6. Jawbone admits that AliphCom conducts business in this district but denies that AliphCom's contacts with the district are continuous and systematic. Jawbone denies that AliphCom "manufactures, markets, and sells infringing products" in this or in any other district. Jawbone denies that AliphCom has caused injury to Fitbit in this or in any other district.

7. Jawbone admits that BodyMedia conducts business in this district but denies that BodyMedia's contacts with the district are continuous and systematic. Jawbone denies that BodyMedia "manufactures, markets, and sells infringing products" in this or in any other district. Jawbone denies that BodyMedia has caused injury to Fitbit in this or in any other district.

8. Jawbone admits that BodyMedia is a Delaware corporation. Jawbone denies that it has committed acts of infringement in this or in any other district and further denies that a substantial part of the events giving rise to the claim occurred in this district. Jawbone admits that Fitbit purports to base venue under 28 U.S.C. §§ 1391(b), (c), and 1400(b), but denies that this district is the most convenient venue for the claims raised by Fitbit in this action.

**PATENTS-IN-SUIT**

9. Jawbone admits that U.S. Patent No. 8,920,332 ("the '332 patent") appears to be entitled "Wearable Heart Rate Monitor," and that Fitbit purports to attach a copy of the '332 patent to the Complaint as Exhibit A. Jawbone denies that the '332 patent was duly and legally issued by the U.S. Patent and Trademark Office. Jawbone lacks knowledge or information regarding whether the '332 patent is assigned to Fitbit. To the extent a further response is required, Jawbone denies the remaining allegations contained in paragraph 9.

10.     Jawbone admits that U.S. Patent No. 8,868,377 ("the '377 patent") appears to be entitled "Portable Monitoring Devices and Methods of Operating Same," and that Fitbit purports to attach a copy of the '377 patent to the Complaint as Exhibit B. Jawbone denies that the '377 patent was duly and legally issued by the U.S. Patent and Trademark Office. Jawbone lacks knowledge or information regarding whether the '377 patent is currently assigned to Fitbit. To the extent a further response is required, Jawbone denies the remaining allegations contained in paragraph 10.

11.     Jawbone admits that U.S. Patent No. 9,089,760 ("the '760 patent") appears to be entitled "System and Method for Activating a Device Based on a Record of Physical Activity," and that Fitbit purports to attach a copy of the '760 patent to the Complaint as Exhibit C. Jawbone denies that the '760 patent was duly and legally issued by the U.S. Patent and Trademark Office. Jawbone lacks knowledge or information regarding whether the '760 patent is currently assigned to Fitbit. To the extent a further response is required, Jawbone denies the remaining allegations contained in paragraph 11.

12.     Jawbone admits that Fitbit collectively refers to the '332 patent, the '377 patent, and the '760 patent as the "Patents-in-Suit." Jawbone lacks knowledge or information regarding whether those patents are assigned to Fitbit, or whether Fitbit owns all right, title, and interest in and to those patents. Jawbone denies that Fitbit has the right to sue and recover for the infringement of the Patents-in-Suit in this action.

## BACKGROUND

13.     Jawbone lacks knowledge or information regarding the allegations in paragraph 13 and on that basis, denies.

14.     Jawbone admits that Fitbit's product line includes the Fitbit Zip, Fitbit One, Fitbit Flex, Fitbit Charge, Fitbit Charge HR, and the Fitbit Surge. Jawbone lacks knowledge or information regarding the remaining allegations in paragraph 14.

15.     Jawbone admits that it markets and sells activity trackers, including the UP Move, UP24, UP2, UP3, and UP4. Jawbone denies that it manufactures activity trackers. Jawbone denies that its devices infringe any of the Patents-in-Suit. Jawbone admits that certain of its devices may be used in conjunction with the UP App and that the combination constitutes the "UP System."

16.     Jawbone admits that AliphCom acquired BodyMedia, Inc. in April 2013. Jawbone admits that certain of its devices have multiple sensors. Jawbone denies the remaining allegations in paragraph 16.

## COUNT I
### (Infringement of U.S. Patent No. 8,920,332)

17.     Jawbone repeats and realleges its responses to paragraphs 1 through 16.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## Count II
### (Infringement of U.S. Patent No. 8,868,377)

25.     Jawbone repeats and realleges its responses to paragraphs 1 through 24.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

**COUNT III**
**(Infringement of U.S. Patent No. 9,089,760)**

33.    Jawbone repeats and realleges its responses to paragraphs 1 through 32.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

**JURY DEMAND**

41.    No response is required to Fitbit's jury demand.

**REQUESTED RELIEF**

42.    Jawbone denies that Fitbit is entitled to judgment in its favor or any other relief.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

43.    Jawbone does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, and does not indirectly infringe and has not indirectly infringed, by contributing to infringement or inducing infringement of, any valid and enforceable claim of any of U.S. Patent Nos. 8,920,332; 8,868,377; and/or 9,089,760 (the "Patents-in-Suit").

### SECOND AFFIRMATIVE DEFENSE - INVALIDITY

44.    The claims of the Patents-in-Suit are invalid for failing to meet one or more of the requisite and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 116.

### THIRD AFFIRMATIVE DEFENSE – NO EQUITABLE RELIEF

45.    Fitbit's claim for injunctive relief is barred because Fitbit has an adequate remedy at law and has suffered no irreparable harm.

### FOURTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

46.    The Complaint fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FIFTH AFFIRMATIVE DEFENSE – LACHES/ESTOPPEL/WAIVER

47.    Fitbit's claims for relief are barred, either in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES

48.    Fitbit is barred from recovering damages arising from any alleged infringement that occurred prior to Fitbit giving Jawbone notice of the Patents-in-Suit pursuant to 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE – COSTS PROHIBITED

49.     Fitbit is prohibited from recovering costs in this action pursuant to 35 U.S.C. § 288.

## EIGHTH AFFIRMATIVE DEFENSE – RESERVED

50.     Jawbone reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

WHEREFORE, Jawbone respectfully requests that (i) Fitbit's claims against Jawbone be dismissed with prejudice and that Fitbit takes nothing by way of its Complaint, (ii) judgment be entered in favor of Jawbone; (iii) the Court award Jawbone its costs and reasonable attorneys' fees incurred in defending this action, pursuant to 35 U.S.C. § 285; and (iv) the Court award such other and further relief as the Court deems just and proper.

Dated: December 17, 2015                    Respectfully submitted,

                                            **FARNAN LLP**

                                            /s/ Brian E. Farnan
                                            Brian E. Farnan (Bar No. 4089)
                                            919 North Market Street, 12th Floor
                                            Wilmington, DE 19801
                                            (302) 777-0300
                                            bfarnan@farnanlaw.com

                                            Kalpana Srinivasan (admitted *pro hac vice*)
                                            **SUSMAN GODFREY L.L.P.**
                                            1901 Avenue of the Stars, Suite 950
                                            Los Angeles, California  90067-6029
                                            [Tel.] (310) 789-3100
                                            [Fax] (310) 789-3150
                                            ksrinivasan@susmangodfrey.com

                                            Max L. Tribble, Jr. (admitted *pro hac vice*)

Joseph S. Grinstein (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas  77002-5096
[Tel.] (713) 651-9366
[Fax] (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com

Genevieve Vose Wallace (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
[Tel.] (206) 516-3880
[Fax] (206) 516-3883
gwallace@susmangodfrey.com
esargeant@susmangodfrey.com
lcalkins@susmangodfrey.com

Elisha Barron (admitted *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
560 Lexington Avenue, 15th Floor
New York, New York 10022-6828
[Tel.] (212) 336-8330
[Fax] (212) 336-3800
ebarron@susmangodfrey.com

*Attorneys for Defendants AliphCom and Bodymedia, Inc.*