# EXHIBIT C

KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

MAX L. TRIBBLE, JR. (*Pro Hac Vice*)
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiffs AliphCom and Bodymedia, Inc.*

FREDERICK S. CHUNG
fchung@gibsondunn.com
STUART M. ROSENBERG
srosenberg@gibsondunn.com
ALISON WATKINS
awatkins@gibsondunn.com
QUINCY LU
qlu@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Defendant Fitbit, Inc.*

(Additional Counsel listed below signature lines)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIPHCOM D/B/A JAWBONE and BODYMEDIA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.<br><br>Defendant. | Case No: 3:15-cv-02579-HSG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Complaint filed: June 10, 2015<br><br>Date: September 29, 2015<br>Time: 2:00 PM<br>Courtroom: 15, 18th floor |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

3850166v1/014661
3869726v1/014661

Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc. ("Plaintiffs" or "Jawbone") and Defendant Fitbit, Inc. ("Defendant" or "Fitbit") conferred on September 8, 2015 and submit this Joint Case Management Statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9 and the Standing Order for Joint Case Management Statements for the Northern District of California.

1. **JURISDICTION AND SERVICE**

The action arises under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. Fitbit's counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), and 2201.

All parties have been served and no party challenges personal jurisdiction or venue.

2. **FACTS**

The following facts are presently undisputed:

a) AliphCom d/b/a Jawbone ("AliphCom") is a corporation organized and existing under the laws of California with its principal place of business located in San Francisco, California.

b) BodyMedia, Inc. ("BodyMedia") is a corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. BodyMedia is a wholly owned subsidiary of AliphCom.

c) Fitbit is a corporation organized and existing under the laws of Delaware

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

1

with its principal place of business located in San Francisco, California.

d) Plaintiffs and Defendant both manufacture and sell wearable fitness trackers.

e) United States Patent No. 8,446,275, entitled "General Health And Wellness Management Method And Apparatus For A Wellness Application Using Data From A Data-Capable Band" (the " '275 patent"), was issued on May 21, 2013.

f) United States Patent No. 8,073,707, entitled "System For Detecting, Monitoring, And Reporting An Individual's Physiological Or Contextual Status" (the " '707 patent"), was issued on December 6, 2011.

g) United States Patent No. 8,398,546, entitled "System For Monitoring And Managing Body Weight And Other Physiological Conditions Including Iterative And Personalized Planning, Intervention And Reporting Capability" (the " '546 patent"), was issued on March 19, 2013.

h) United States Patent No. 8,529,811, entitled "Component Protective Overmolding Using Protective External Coatings" (the " '811 patent"), was issued on September 10, 2013.

i) United States Patent No. 8,793,522, entitled "Power Management In A Data-Capable Strapband" (the " '522 patent") was issued on July 29, 2014.

j) United States Patent No. 8,961,413, entitled "Wireless Communications Device And Personal Monitor" (the " '413 patent") was issued on February 24, 2015.

k)  Jurisdiction and venue in this Court is proper.

### 3. LEGAL ISSUES

At this stage, the disputed legal issues are:

a)  Whether Fitbit has infringed and is continuing to infringe the '275 patent.

b)  Whether Fitbit has infringed and is continuing to infringe the '707 patent.

c)  Whether Fitbit has infringed and is continuing to infringe the '546 patent.

d)  Whether Fitbit has infringed and is continuing to infringe the '811 patent.

e)  Whether Fitbit has infringed and is continuing to infringe the '522 patent.

f)  Whether Fitbit has infringed and is continuing to infringe the '413 patent.

g)  Whether the '275 patent is valid, enforceable and directed to patent-eligible subject matter.

h)  Whether the '707 patent is valid, enforceable and directed to patent-eligible subject matter.

i)  Whether the '546 patent is valid, enforceable and directed to patent-eligible subject matter.

j)  Whether the '811 patent is valid, enforceable and directed to patent-eligible subject matter.

k)  Whether the '522 patent is valid, enforceable and directed to patent-eligible subject matter.

l)  Whether the '413 patent is valid, enforceable and directed to patent-eligible subject matter.

m)  Whether this action is an "exceptional case" under 35 U.S.C. § 285, in light of Plaintiff Jawbone's efforts to manipulate this Court's process by seeking to stay the very action that it chose to file, knowing that it would be filing an ITC action on the very same patents, and choosing to file its action in federal court on the eve of—and in an effort to adversely impact—Fitbit's initial public offering on June 18, 2015.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**  Case No. 3:15-cv-02579-HSG

3

3850166v1/014661
3869726v1/014661

n) The amount of damages, if any, due to Plaintiffs by Defendant.

### 4. **MOTIONS**

Fitbit anticipates filing a Rule 12(c) motion for judgment on the pleadings under 35 U.S.C. § 101, addressing the subject matter eligibility of one or more of the asserted Jawbone patents.

As discussed in more detail in Section 17 below, Jawbone believes this case should be stayed pending the resolution of the ITC Investigation and anticipates filing a motion seeking a stay. Fitbit will oppose any such motion and has advised Jawbone that Section 17 below, which amounts to nothing less than a memorandum in support of its forthcoming motion for a stay of its own lawsuit, is an improper use of this Joint Statement.

No other motions are currently contemplated.

### 5. **AMENDMENT OF PLEADINGS**

Plaintiffs amended their Complaint on July 3, 2015. Dkt. 29, First Amended Complaint. Defendant amended its Answer to the Amended Complaint and Counterclaim on August 13, 2015. Dkt. 36, Amended Answer to First Amended Complaint and Amended Counterclaim. The parties do not presently anticipate amending their pleadings. The parties reserve their rights to seek leave to amend their pleadings to raise additional issues at an appropriate time.

### 6. **EVIDENCE PRESERVATION**

Counsel for the parties have reviewed this Court's E-Discovery (ESI) Guidelines. The parties have taken steps to preserve relevant evidence, including the issuance of a document retention notice to individuals and document custodians reasonably likely to have information subject to discovery in this litigation.

### 7. **RELATED CASES**

All six patents-in-suit are also the subject of a dispute pending in front of the

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

4

3850166v1/014661
3869726v1/014661

International Trade Commission (the "ITC"). Plaintiffs filed their Complaint with the ITC on July 7, 2015, after the filing of this action, alleging violations of section 337 of the Tariff Act of 1930, 10 U.S.C. § 1337, by Fitbit's importation into the United States, sale for importation, and sale within the United States after importation of wearable fitness trackers that allegedly infringe the six patents-in-suit, as well as Fitbit's alleged misappropriation of Plaintiffs' trade secrets. The ITC instituted its investigation on August 17, 2015 (the "ITC Investigation"). The investigation number is 337-TA-963.

On September 10, 2015, the ITC's Chief Administrative Judge Charles E. Bullock issued Order No. 4: Order Setting Target Date and Date for Submission of Proposed Procedural Schedule (attached as Exhibit A), setting a 16-month target date of December 21, 2016, for completion of the ITC Investigation and scheduling the evidentiary hearing in the ITC matter to be held from May 9 to May 16, 2016. Pursuant to ALJ Bullock's Order, the parties subsequently submitted a Joint Proposed Procedural Schedule (attached as Exhibit B), which contemplates the following key deadlines:

| | |
|---|---|
| *Markman* hearing | December 2, 2015 |
| Fact discovery cutoff and completion | January 19, 2016 |
| Expert discovery cutoff and completion | March 3, 2016 |
| Deadline for filing summary determination motions | March 10, 2016 |

## 8. **DISCLOSURES**

The parties will make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 22, 2015.

## 9. **DISCOVERY**

No discovery has been taken to date in this action. Discovery is underway in the ITC Investigation. Each party served its first set of requests for production of documents

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

5

3850166v1/014661
3869726v1/014661

and things, and first set of interrogatories, on August 24, 2015. Each party served its responses to the first round of discovery requests on September 11, 2015 and Jawbone produced nearly 100,000 pages of documents to Respondents. Jawbone also served notices of depositions for Fitbit's Rule 30(b)(6) corporate representatives and several individual Fitbit witnesses, which will cover topics relating to Fitbit's alleged infringement of the patents asserted in this case.

The parties have agreed to make reasonable efforts to avoid duplication of discovery in this action and the ITC Investigation, including allowing common depositions for overlapping issues or designating testimony from the ITC Investigation in this case.

Discovery disputes are presently unknown to the parties. The parties do not anticipate any limits on discovery other than those imposed by the Federal Rules and the Local Rules. The parties have not yet decided to enter into a stipulated e-discovery order.

The parties expect that discovery will be taken on the following subjects: infringement or non-infringement of the patents-in-suit; validity or invalidity of the patents-in-suit, including secondary considerations of non-obviousness and obviousness; the timing of Jawbone's filing of this lawsuit on the eve of Fitbit's IPO; ownership of the patents-in-suit; inventorship of the patents-in-suit; the enforceability of the patents-in-suit; Jawbone's claim of damages; any alleged willful infringement; and any other claims, counterclaims or defenses.

### 10. **CLASS ACTION**

This case is not a class action.

### 11. **RELIEF**

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

6

3850166v1/014661
3869726v1/014661

Plaintiffs seek the relief requested in their Amended Complaint, Dkt. 29, namely, actual/compensatory damages and statutory damages, including reasonable attorneys' fees and costs; and a judgment that permanently enjoins Defendant and its officers, agents, and employees from the make, manufacture, use, sale, importation, or offer for sale of products that infringe on the patents-in-suit. Discovery has not yet started, so Plaintiffs are unable to calculate their damages and reserve the right to do so at the appropriate time.

Fitbit denies that Plaintiffs are entitled to any relief. Fitbit seeks the relief requested in its Amended Answer to First Amended Complaint and Amended Counterclaim, Dkt. No. 36, namely, a judgment dismissing Plaintiffs' claims; declaring that Fitbit does not infringe the patents-in-suit and that the patents-in-suit are invalid and/or unenforceable; and statutory damages, including reasonable attorney's fees. Fitbit further seeks a declaration that this is an exceptional case within the meaning of the Patent Act, and an order awarding such additional relief as may be appropriate.

## 12. **SETTLEMENT AND ADR**

No settlement discussions have taken place. The parties have complied with ADR Local Rule 3.5.

## 13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties have not consented to have a magistrate judge for all purposes. Dkt. 11, Plaintiffs' Declination to United States Magistrate Judge.

## 14. **OTHER REFERENCES**

Plaintiffs and Defendant believe the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. **NARROWING OF ISSUES**

### A. Defendant Fitbit's Position

Fitbit has urged Jawbone to voluntarily limit the number of claims it is asserting

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

7

in this action and in the ITC, but Jawbone has thus far declined to do so. Fitbit requests that the Court order that a schedule be set whereby by a date certain Jawbone shall be required to limit the number of claims it is asserting in this action to no more than fifteen claims in the aggregate.

### B. Plaintiffs Jawbone and BodyMedia's Position

Jawbone has not and is not required to specify asserted claims in its Complaint in this case. Accordingly, the parties' discussions to date have focused on claims asserted in the ITC, where Plaintiffs indicated they are amenable to a process of narrowing asserted claims at an appropriate time in conjunction with Defendant Fitbit's narrowing of asserted prior art. Jawbone does not believe the Court should impose a requirement for limiting a number of asserted claims. However, should the Court deem it appropriate to require Jawbone to elect a limited number of asserted claims, Jawbone believes that (1) the deadline for such election should be set after the claim construction order issues; and (2) Fitbit should likewise be required to elect a limited number of asserted prior art references.

### 16. **EXPEDITED TRIAL PROCEDURE**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

### 17. **SCHEDULING**

#### A. Plaintiffs Jawbone and BodyMedia's Position

The liability issues in this case overlap completely with the patent infringement claims in the pending ITC Investigation. Each of the patents asserted in this case is currently the subject of the ITC Investigation. The schedule of the ITC investigation already has been set and discovery in the ITC will be completed by early 2016 with a hearing on Jawbone's claims of patent infringement by May 2016. The schedule set by

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**  Case No. 3:15-cv-02579-HSG

8

3850166v1/014661
3869726v1/014661

the ITC will proceed well ahead of the district court action. Comparing the Joint Proposed Procedural Schedule in the ITC Investigation with the schedule proposed in accordance with the Local Patent Rules below in Section 22, the trial in the ITC will most likely be complete (on May 16, 2016) at about the time the parties are before this Court on their Markman hearing. Fact discovery in the ITC Investigation will close months before it is completed in this case (January 19, 2016 vs. 90 days after the issuance of the Claim Construction Order with briefing on claim construction issues scheduled to be completed 3 months later on April 1, 2016). Accordingly, Jawbone believes parallel litigation in the district court and in the ITC is highly inefficient, and the Court should stay this case pending the resolution of the ITC Investigation.

Pursuant to 28 U.S.C. § 1659, Defendant Fitbit was entitled to a mandatory stay—as is customary—pending the resolution of the ITC Investigation. During the meet and confer between the parties, Fitbit's counsel stated that Fitbit was considering whether to seek a stay, but ultimately Fitbit chose not to do so by the statutory deadline of September 21, 2016. Nevertheless, the Court can use its discretion to stay this case.

"Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Zenith Electronics LLC v. Sony Corp.*, No. C 11–02439 WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011) (citing H.R. Rep. No. 103–826(I), at 141). Here, the instant district court litigation is not just related, but entirely duplicative of the ITC Investigation.

When deciding whether to exercise its discretion to order a stay, a district court looks to three nonexclusive factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

9

expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Given the circumstances here, the three factors unambiguously weigh in favor of granting a stay. In most cases, it is a defendant who seeks a stay on claims that are non-overlapping but related to the ITC investigation. In such circumstances, the court weighs (1) the possible damage from a stay to the plaintiff, (2) the hardship which a defendant may suffer if required to go forward; and (3) the issues of judicial economy. Because here, it is Plaintiff Jawbone who seeks a stay, the first two factors cannot weigh against a stay, and issues of judicial economy lean strongly in its favor.

*First*, there is no possible damage to Fitbit—the defendant here—that may result from the grant of a stay. This first prong of the analysis is generally raised by plaintiffs who may suffer prejudice from the delay imposed by a stay. *See, e.g.*, *FormFactor v. Micronics Japan Co., Ltd.*, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) (rejecting the defendant's argument that it will suffer harm if the district court case is not stayed pending the resolution of the ITC investigation because the defendant could not immediately seek the injunctive relief requested for the non-overlapping patents and damages). Axiomatically, a defendant is not prejudiced by a stay of the case against it.

*Second*, neither party claims a hardship in moving forward with the litigation, making this factor neutral.

*Third*, judicial economy weighs strongly in favor of a stay. The third factor "weighs in favor of granting a stay when the orderly course of justice will be advanced through the simplifying of issues, proof, and questions of law." *FormFactor*, 2008 WL 361128, at *3. A stay pending final resolution of the ITC proceedings is likely to simplify the present case. The ITC proceeding will involve all liability issues that will confront this Court—e.g., claim construction, invalidity, and enforceability of the patents-in-suit. As courts routinely recognize, "if the ITC proceedings bear on the issues of [the district court] case, it would be the most efficient and fairest course of action to

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

10

3850166v1/014661
3869726v1/014661

stay . . . ." *Id*; *see also Avago Technologies, U.S. Inc. v. IPtronics, Inc.*, No. 5:10–CV–02863–EJD, 2013 WL 623042, at *3 (N.D. Cal. Feb. 15, 2013) ("Because the ITC investigation relates to the present case, several issues of proof may stand to be clarified by the ITC's determination."). Accordingly, the Court should stay the instant case until the parallel ITC Investigation is resolved.

Should the Court not stay this case, a tabular schedule of proposed dates is set forth below under Section 22.

### B. Defendant Fitbit's Position

Jawbone advised Fitbit the day before this filing was due that Jawbone would make a motion seeking to stay this action (which action, of course, Jawbone filed in the first place). At the same time, it submitted the legal argument above. Fitbit specifically advised Jawbone in advance of lodging this Joint Statement that it was wholly improper for Jawbone to essentially write a memorandum in support of its apparently forthcoming motion to stay. If Jawbone intends to file a motion, as it indicates above, it should do so and Fitbit will respond accordingly. Given the length at which Jawbone argues for a stay above, however, Fitbit makes the following observations:

1. Fitbit is not aware of a single case—and Jawbone cites none—where a federal court has stayed an action at the *plaintiff's* request in deference to an ITC action filed after the district court action was filed (or even before, for that matter).

2. Jawbone's request for a stay *of its own action* – after having filed it near the eve of Fitbit's IPO – evinces dubious motives at best. No good-faith purpose could be served by filing a federal court action and then promptly seeking to stay it, as if the Court's process were simply a tool to be wielded by competitors in their marketplace competition.

3. Fitbit's response to Jawbone's forthcoming motion will outline in detail the significant harm to Fitbit from staying this action *before* its challenge to Jawbone's

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

11

3850166v1/014661
3869726v1/014661

patents under Section 101 is considered, the lack of any cognizable harm to Jawbone from proceeding with Fitbit's motion for judgment on the pleadings, and the overall benefit to the judicial process to be realized by refusing to grant Jawbone's requested stay of the very action that it chose to file.

### 18. **TRIAL**

All parties have requested a jury for all issues so triable. Plaintiffs and Defendant anticipate a 10 day trial.

### 19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their respective Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15.

Plaintiffs restate that, other than the parties, there is no such interest to report.

Defendant restates the contents of its certificate, Dkt. No. 28.

### 20. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. **OTHER MATTERS**

None known at this time.

### 22. **TABULAR SCHEDULE**

| Date | Party | Proposed Event |
|---|---|---|
| **September 22, 2015** | All | Initial Disclosures Timely Served |
| **September 29, 2015** | All | Rule 16(a) Initial Scheduling Conference |
| **October 5, 2015** | All | File Stipulated Proposed Protective Order |
| **October 13, 2015** | Plaintiffs | Serve Disclosure of Asserted Claims and Infringement Contentions, and produce accompanying documents. (Patent L.R. 3-1 and 3-2.) |
| **November 27, 2015** | Defendant | Serve Invalidity Contentions and produce accompanying documents. (Patent L.R. 3-3 |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**  Case No. 3:15-cv-02579-HSG

12

3850166v1/014661
3869726v1/014661

| | | | |
|---|---|---|---|
| | | | and 3-4). |
| | **December 11, 2015** | All | Exchange of Proposed Terms for Construction. (Patent L.R. 4-1). |
| | **January 4, 2016** | All | Exchange of Preliminary Claim Construction and Extrinsic Evidence. (Patent L.R. 4-2). |
| | **January 26, 2016** | All | File Joint Claim Construction and Prehearing Statement. (Patent L.R. 4-3). |
| | **February 25, 2016** | All | Completion of Claim Construction Discovery. (Patent L.R. 4-4). |
| | **March 11, 2016** | Plaintiffs | File Opening Claim Construction Briefs. (Patent L.R. 4-5). |
| | **March 25, 2016** | Defendant | File Opposition Claim Construction Briefs. (Patent L.R. 4-5). |
| | **April 1, 2016** | Plaintiffs | File Reply Claim Construction Briefs. (Patent L.R. 4-5). |
| | **As set by the Court** | All | Claim Construction Hearing. (Patent L.R. 4-6). |
| | **90 days after issuance of the Court's Claim Construction Order ("CCO")** | All | Close of Fact Discovery. |
| | **120 days after CCO** | All | Designate Opening Experts and Serve Reports. |
| | **150 days after CCO** | All | Designate Rebuttal Experts and Serve Reports. |
| | **180 days after CCO** | All | Close of Expert Discovery |
| | **210 days after CCO** | All | Dispositive Motions. |
| | **As set by the Court** | All | Hearing on Dispositive Motions. |
| | **As set by the Court** | All | Pretrial Conference. |
| | **As set by the Court** | All | Trial. |

Dated: September 22, 2015

/s/ Kalpana Srinivasan
Max L. Tribble Jr. (*Pro Hac Vice*)
Joseph Grinstein (*Pro Hac Vice Pending*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 65-6666
mtribble@susmangodfrey.com

Kalpana Srinivasan
Oleg Elkhunovich

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Case No. 3:15-cv-02579-HSG

13

3850166v1/014661
3869726v1/014661

| | |
|---|---|
| 1 | SUSMAN GODFREY L.L.P. |
| | 1901 Avenue of the Stars, Suite 950 |
| 2 | Los Angeles, California 90067-6029 |
| | Telephone: (310) 789-3100 |
| 3 | Facsimile: (310) 789-3150 |
| 4 | Genevieve Vose Wallace (*Pro Hac Vice*) |
| | Floyd G. Short (*Pro Hac Vice*) |
| 5 | SUSMAN GODFREY L.L.P. |
| | 1201 Third Avenue, Suite 3800 |
| 6 | Seattle, Washington 98101-3000 |
| | Telephone: (206) 516-3880 |
| 7 | Facsimile: (206) 516-3883 |
| 8 | Tamar E. Lusztig (*Pro Hac Vice*) |
| | SUSMAN GODFREY L.L.P. |
| 9 | 560 Lexington Ave, 15th Floor |
| | New York, New York 10022-6828 |
| 10 | Telephone: (212) 336-8330 |
| 11 | Facsimile: (212) 336-8340 |
| 12 | *Counsel for Plaintiffs AliphCom d/b/a Jawbone and BodyMedia, Inc.* |
| 13 | |
| 14 | */s/ Frederick S. Chung* |
| | Josh A. Krevitt |
| 15 | Beatrice Hahn |
| | GIBSON, DUNN & CRUTCHER LLP |
| 16 | 200 Park Avenue |
| | New York, NY 10166 |
| 17 | Telephone: (212) 351-4000 |
| | Facsimile: (212) 351-4035 |
| 18 | |
| | Frederick S. Chung |
| 19 | Stuart M. Rosenberg |
| | Alison Watkins |
| 20 | Quincy Lu |
| | GIBSON, DUNN & CRUTCHER LLP |
| 21 | 1881 Page Mill Road |
| | Palo Alto, CA 94304-1211 |
| 22 | Telephone: (650) 849-5300 |
| | Facsimile: (650) 849-5333 |
| 23 | |
| | *Counsel For Defendant Fitbit, Inc.* |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case No. 3:15-cv-02579-HSG

14

3850166v1/014661
3869726v1/014661