| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Josh A. Krevitt (SBN 208552)<br>jkrevitt@gibsondunn.com<br>200 Park Avenue, 47th Floor<br>New York, New York 10166<br>Tel: (212) 351-4000<br>Fax: (212) 351-4035<br><br>*Attorney for Plaintiff Fitbit, Inc.*<br><br>(Additional Counsel for Plaintiff listed below signature line) | MARTON RIBERA SCHUMANN & CHANG LLP<br>Carolyn Chang (SBN 217933)<br>carolyn@martonribera.com<br>548 Market St. Suite 36117<br>San Francisco, CA 94104<br>Tel: (415) 360-2511<br><br>*Attorney for Defendants AliphCom and Bodymedia, Inc.*<br><br>(Additional Counsel for Defendants listed below signature line) |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FITBIT, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALIPHCOM d/b/a JAWBONE and BODYMEDIA, INC.<br><br>　　　　　Defendants. | Case No: 3:17-CV-1139-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge: Hon. William H. Orrick<br>Date Transferred: Mar. 6, 2017<br><br>Date: June 13, 2017<br>Time: 2:00 PM<br>Courtroom 2 – 17th Floor |

Plaintiff Fitbit, Inc. ("Plaintiff" or "Fitbit") and Defendants AliphCom d/b/a Jawbone and BodyMedia, Inc. (collectively, "Defendants" or "Jawbone") jointly submit this Case Management Statement and Proposed Order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9 and the Standing Order for Joint Case Management Statements for the Northern District of California. Counsel for Fitbit and Jawbone met and conferred on June 6, 2017.

### 1. **JURISDICTION AND SERVICE**

The action arises under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. Defendants assert counterclaims that would arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, Title 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), and 2201.

All parties have been served and no party challenges personal jurisdiction or venue.

### 2. **FACTS**

The following facts are presently undisputed:

a) Fitbit is a corporation organized and existing under the laws of Delaware with its principal place of business located in San Francisco, California.

b) AliphCom d/b/a Jawbone ("AliphCom") is a corporation organized and existing under the laws of California with its principal place of business located in San Francisco, California.

c) BodyMedia, Inc. ("BodyMedia") is a corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. BodyMedia is a wholly owned subsidiary of AliphCom.

d) Plaintiffs and Defendant both manufacture and sell wearable fitness trackers.

e) U.S. Patent No. 8,868,377 (the "'377 patent"), entitled "Portable Monitoring Devices and Methods of Operating Same," was issued on October 21, 2014.

f) U.S. Patent No. 8,920,332 (the "'332 patent"), entitled "Wearable Heart Rate Monitor," was issued on December 30, 2014.

g) U.S. Patent No. 9,089,760 (the "'760 patent"), entitled "System and Method for Activating a Device Based on a Record of Physical Activity," was issued on July 28, 2015.

|    |    |                                                                                      |
|----|----|--------------------------------------------------------------------------------------|
| h) |    | Jurisdiction and venue exist over the Plaintiff in this Court.                       |
| i) |    | Jurisdiction and venue exist over the Defendants in this Court.                      |

### 3. LEGAL ISSUES

At this stage, disputed legal issues are:

a) Whether Jawbone has infringed and is continuing to infringe the '377 patent, directly, indirectly, and/or willfully.

b) Whether Jawbone has infringed and is continuing to infringe the '332 patent, directly, indirectly, and/or willfully.

c) Whether Jawbone has infringed and is continuing to infringe the '760 patent, directly, indirectly, and/or willfully.

d) Whether the '377 patent is valid.

e) Whether the '332 patent is valid.

f) Whether the '760 patent is valid.

g) Whether this action is an "exceptional case" under 35 U.S.C. § 285.

h) Whether Fitbit is entitled to damages from Jawbone, and if so, the amount of damages due.

i) Whether this action warrants the entry of an injunction against Jawbone and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf.

### 4. MOTIONS

No motions are immediately contemplated, although motions may be filed as the case progresses, and the parties reserve their right to address the same. The parties anticipate eventually filing motions for summary judgment.

### 5. AMENDMENT OF PLEADINGS

The parties have not amended their existing pleadings. The parties reserve their rights to amend their pleadings to raise additional issues to the extent that it does not conflict with the case schedule.

## 6. EVIDENCE PRESERVATION

Counsel for the parties have reviewed this Court's E-Discovery (ESI) Guidelines. The parties have taken steps to preserve relevant evidence, including the issuance of a document retention notice to individuals and document custodians reasonably likely to have information subject to discovery in this litigation.

## 7. RELATED CASES

No cases are related to this action under Local Rule 3-12. *See* Dkt. 50. However, presently five other lawsuits remain pending between Fitbit and Jawbone. Fitbit filed two other lawsuits against Jawbone, both of which are in this district. Case No. 15-cv-04073 is pending before Judge Edward J. Davila. The Trial Setting Conference is scheduled for September 28, 2017. Case No. 16-cv-00118 is pending before Judge Beth Labson Freeman. No trial date has been set.

Jawbone has filed three pending cases against Fitbit. First, Case No. CGC 15-546004 in the Superior Court of the State of California is still in the fact discovery stage, with trial set for April 2018. Jawbone's second case is an Investigation before the International Trade Commission ("ITC"). The ITC issued a final determination finding no violation by Fitbit. Jawbone has appealed the adverse determination to the United States Court of Appeals for the Federal Circuit. Jawbone's third case—Case No. 4:15-cv-2579—is in this district before Judge Haywood S. Gilliam, but is currently stayed pending the results of Jawbone's ITC Investigation.

## 8. DISCLOSURES

The parties will make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on June 9, 2017.

## 9. DISCOVERY

No discovery has been taken to date in this action, but the parties have agreed that documents produced in two International Trade Commission investigations (337-TA-963 and 337-TA-973) for use in those Investigations may be used in this case. *See* Exhibit A. Investigation No. 337-TA-973 involved the same patents at issue in this action. In that Investigation, the parties took discovery on infringement or non-infringement of the patents-in-suit and validity or invalidity of the patents-in-suit, including secondary considerations of non-obviousness.

Because of the agreement between the parties to use discovery produced in Investigation Nos. 337-TA-963 and 337-TA-973, the parties expect that discovery will focus on the following subjects: prior art; damages; willfulness; changes to the functionality of the accused products and services. Future discovery disputes are presently unknown to the parties.

### A.   Discovery Limit Proposals

The parties propose the following limits with respect to fact and expert discovery.

*Depositions*

Fact Discovery: 70 hours of deposition, inclusive of 30(b)(6) depositions and third party depositions, in accordance with the Federal Rules of Civil Procedure. The parties may meet and confer regarding further additional depositions, if necessary.

Expert Discovery: Each side is entitled to one seven hour deposition of each expert disclosed by the other side per each report such expert submits. The parties may meet and confer further regarding additional limits on expert discovery. Should either side submit a declaration or report from an expert regarding claim construction, the expert shall also be made available for deposition limited to issues in the declaration after the submission of such declaration or report and before the other side's responsive claim construction brief.

*Interrogatories*

25 interrogatories for each side.

*Requests for Production*

No limit.

*Requests for Admission*

100 requests for admission for each side; requests for admission of the authenticity of a document or thing do not count against the limit.

### B.   Additional Potential Agreements

Any party that serves a subpoena upon a third party shall simultaneously serve a copy of such subpoena upon all parties. Moreover, any party that receives documents and/or correspondence from a third party pursuant to a subpoena will provide those documents and/or correspondence to the other party within two business days.

The parties intend to discuss and enter into an ESI stipulation addressing preservation, collection, and production of ESI. The parties also expect such stipulation to address appropriate procedures with respect to privilege logs.

The parties also intend to negotiate the scope of and request the entry of a protective order to govern this action.

In addition, the parties agree that communications and drafts exchanged between counsel and the experts in this case are not discoverable. Communications between the parties or representatives of the parties (other than counsel) with the expert will be discoverable only to the extent relied upon by the expert.

### 10. **CLASS ACTION**

This case is not a class action.

### 11. **RELIEF**

Plaintiff seeks the relief requested in their Complaint, Dkt. 1, namely, an award of all available damages, costs, expenses, and attorneys' fees, including actual/compensatory damages and statutory damages in the form of lost profits or a reasonable royalty, reasonable attorneys' fees, costs, and expenses; the entry of an order declaring this to be an exceptional case; and a judgment that permanently enjoins Defendant and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf from further infringement, direct and indirect, of the patents-in-suit. Discovery has not yet started, so Plaintiff is unable to calculate its damages and reserves the right to do so at the appropriate time.

### 12. **SETTLEMENT AND ADR**

No settlement discussions have taken place. The parties have complied with ADR Local Rule 3.5.

### 13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

All parties have not consented to have a magistrate judge for all purposes.

14. **OTHER REFERENCES**

Plaintiff and Defendants believe the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**

At this time, the parties have not identified any issues that will narrow the dispute.

16. **EXPEDITED TRIAL PROCEDURE**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

17. **SCHEDULING**

The parties agree to the following pre-*Markman* schedule. As further set forth below, the parties disagree as to the post-*Markman* schedule and have submitted separate proposals.

**The parties' proposed pre-*Markman* schedule:**

| Date | Party | Proposed Event |
|---|---|---|
| June 9, 2017 | All | Initial Disclosures Timely Served |
| June 13, 2017 at 2:00 p.m. | All | Initial Case Management Conference as ordered by Court (Dkt. 38) |
| June 27, 2017 | Plaintiff | Serve Disclosure of Asserted Claims and Infringement Contentions, and produce accompanying documents. (Patent L.R. 3-1 and 3-2). |
| August 11, 2017 | Defendants | Serve Invalidity Contentions and produce accompanying documents (including documents related to damages discovery). (Patent L.R. 3-3 and 3-4). |
| August 25, 2017 | All | Exchange of Proposed Terms for Construction. (Patent L.R. 4-1). |
| September 15, 2017 | All | Exchange of Preliminary Claim Construction and Extrinsic Evidence. (Patent L.R. 4-2). |
| October 2, 2017 | Plaintiff | Serve Damages Contentions. (Patent L.R. 3-8). |
| October 10, 2017 | All | File Joint Claim Construction and Prehearing Statement. (Patent L.R. 4-3). |

| Date | Party | Proposed Event |
|---|---|---|
| November 1, 2017 | Defendants | Serve Responsive Damages Contentions. (Patent L.R. 3-9). |
| November 9, 2017 | All | Completion of Claim Construction Discovery. (Patent L.R. 4-4). |
| November 24, 2017 | Plaintiff | File Opening Claim Construction Briefs. (Patent L.R. 4-5). |
| December 8, 2017 | Defendants | File Opposition Claim Construction Briefs. (Patent L.R. 4-5). |
| December 15, 2017 | Plaintiff | File Reply Claim Construction Briefs. (Patent L.R. 4-5). |
| **As set by the Court** | All | Claim Construction Hearing. (Patent L.R. 4-6). |

The parties have conferred but have been unable to reach agreement regarding the remainder of the schedule.

**Fitbit's Proposed Post-*Markman* Schedule:**

| Date | Party | Proposed Event |
|---|---|---|
| 90 days after issuance of the Court's Claim Construction Order ("CCO") | All | Close of Fact Discovery. |
| 120 days after CCO | All | Designate Opening Experts and Serve Reports. |
| 150 days after CCO | All | Designate Rebuttal Experts and Serve Reports. |
| 180 days after CCO | All | Close of Expert Discovery |
| 210 days after CCO | All | Dispositive Motions. |
| As set by the Court | All | Hearing on Dispositive Motions. |
| As set by the Court | All | Pretrial Conference. |
| As set by the Court | All | Trial. |

Fitbit's proposed schedule provides for a close of fact discovery that is three months after the issuance of the Court's Claim Construction Order. Three months is more than ample time to complete fact discovery, given that the parties have already taken detailed discovery on infringement and validity of the patents-in-suit in Investigation No. 337-TA-973 in the ITC, which is available to the parties here. In addition, three months is the same period of time that Judge Davila ordered in the first co-pending case (Case No. 5:15-cv-04073-EJD) between the parties. Jawbone's proposal of six months after the issuance of the Court's Claim Construction Order is excessive given the foregoing, and particularly given that the outstanding discovery in this case should be focused on *damages issues* and *recent changes* to the functionality of the accused products and services.

**Jawbone's Proposed Post-*Markman* Schedule:**

| Date | Party | Proposed Event |
|---|---|---|
| 180 days after CCO | All | Close of Fact Discovery. |
| 210 days after CCO | All | Designate Opening Experts and Serve Reports. |
| 240 days after CCO | All | Designate Rebuttal Experts and Serve Reports. |
| 270 days after CCO | All | Close of Expert Discovery |
| 300 days after CCO | All | Dispositive Motions. |
| As set by the Court | All | Hearing on Dispositive Motions. |
| As set by the Court | All | Pretrial Conference. |
| As set by the Court | All | Trial. |

Jawbone proposes a schedule that sets close of discovery for 6 months after issuance of the Court's Claim Construction Order. This schedule is consistent with the Court's average time to trial and more importantly, it takes into account the fact that parties often amend contentions following the Court's Claim Construction Order, changing the scope and focus of discovery. As a result, the majority of substantive fact discovery takes place following issuance of the Court's claim construction. Alternatively, Jawbone proposes holding a case management conference following the issuance of a Claim Construction to determine post-Markman deadlines. At that time, the parties will have the benefit of the Court's order and can better evaluate its impact on case proceedings.

### 18. TRIAL

All parties have requested a jury for all issues so triable. Plaintiff and Defendants anticipate a seven-day trial on the patent claims.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed their respective Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15.

Plaintiff and Defendants restate the contents of their certificate, Dkts. 4 & 11.

### 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. OTHER MATTERS

The parties agree to service by email, with delivery of lengthy exhibits by overnight delivery (such as Federal Express) or by posting the documents on an FTP site. Service executed in that manner will be considered "actual delivery" under Civil Local Rule 5-5(a)(1) on the day that the documents are emailed and delivered to the courier for overnight delivery or posted on an FTP site.

Patent Local Rule 2-1(b) requires the parties to meet and confer on the following additional topics:

**(1) Proposed modification of the obligations or deadlines set forth in the Patent Local Rules to ensure that they are suitable for the circumstances of the particular case.**

**(2) The scope and timing of any claim construction discovery (including disclosure of and discovery from expert witnesses) and damages discovery.**

The parties' proposed schedule addresses the Patent Local Rules and the timing of claim construction and damages discovery.

**(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

<u>Fitbit proposes</u>: one half day for the Claim Construction Hearing, with one hour per side. The parties have already had a claim construction hearing on the patents in suit as part of Investigation No. 337-TA-973 before the International Trade Commission, which Fitbit expects should narrow and streamline the disputed issues between the parties.

<u>Jawbone proposes</u>: A full day for the Claim Construction Hearing, with time shared equally between the parties. There are three asserted patents in this case and 1 hour per side, as Fitbit proposes, may not be sufficient to address all claim construction issues.

The parties do not currently anticipate presenting live witness testimony during the hearing, but will meet and confer by no later than the deadline to exchange proposed terms and constructions under Patent L.R. 4-1 (currently August 25, 2017) and inform the Court if that changes.

**(4) How the parties intend to educate the Court on the technology at issue.**

<u>Fitbit proposes</u>: a one-hour technology tutorial with time split evenly between Fitbit and Jawbone. The parties previously presented a technology tutorial on the patents-in-suit as part of Investigation No. 337-TA-973 in the ITC. That experience should allow the parties to focus on the salient aspects of the technology at issue in an efficient manner.

<u>Jawbone proposes</u>: A half day tutorial, with time split equally between the parties. While a tutorial was previously presented, this Court has not yet had the benefit of the parties' presentation and the Court and the parties should be given full opportunity in this case to present necessary background on the case.

The parties do not currently anticipate presenting live witness testimony during the tutorial.

**(5) The parties shall provide the court with a non-binding, good-faith estimate of the damages ranges expected for the case along with an explanation for the estimates. If either party**

**is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.**

Fitbit is presently unable to provide an estimate of the damages ranges (lost profits and reasonable royalty) expected for this case. Fitbit needs documents from Defendants sufficient to show the sales, revenue, cost, and profits for the accused products and services from October 2014 to present. Fitbit also requires any of Defendants licensing agreements related to the accused products and services. Fitbit anticipates being in a position to provide an estimate as to the damages ranges (lost profits and reasonable royalty) after Defendants produce these documents in compliance with the document production requirements accompanying invalidity contentions under Patent Local Rule 3-4.

Jawbone contends that Fitbit is not entitled to damages as the asserted patents are not infringed and/or are invalid. Jawbone will respond to Fitbit's specific damages positions and contentions once they are provided.

Dated: June 6, 2017

By: /s/ Frederick S. Chung

**GIBSON, DUNN & CRUTCHER LLP**

JOSH A. KREVITT (SBN 208552)
jkrevitt@gibsondunn.com
200 Park Avenue, 47th Floor
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

JASON C. LO (SBN 219030)
jlo@gibsondunn.com
2029 Century Park East
Los Angeles, CA 90067-3026
Tel: (310) 552-8500
Fax: (310) 551-8741

MARK N. REITER (*Pro Hac Vice*)
mreiter@gibsondunn.com
2100 McKinney Avenue
Dallas, TX 75201-6912
Tel: (214) 698-3100
Fax: (214) 571-2900

By: /s/ Carolyn Chang

**MARTON RIBERA SCHUMANN & CHANG LLP**

CAROLYN CHANG (217933)
carolyn@martonribera.com
HECTOR RIBERA (221511)
hector@martonribera.com
DAVID D. SCHUMANN (223936)
david@martonribera.com
RYAN J. MARTON (223979)
ryan@martonribera.com
548 Market Street, Suite 36117
San Francisco, California 94104
[Tel.] (415) 360-2511

*Attorney for Defendants AliphCom and Bodymedia, Inc.*

| | |
|---|---|
| 1 | FREDERICK S. CHUNG |
| | fchung@gibsondunn.com |
| 2 | RYAN IWAHASHI |
| | riwahashi@gibsondunn.com |
| 3 | 1881 Page Mill Road |
| | Palo Alto, CA 94304 |
| 4 | Tel:  (650) 849-5300 |
| | Fax:  (650) 849-5333 |
| 5 | |
| 6 | *Attorneys for Plaintiff Fitbit, Inc.* |

**ATTESTATION IN CONCURRENCE OF FILING**

In accordance with the Northern District of California's General Order No. 45, Section X.(B), I, Frederick Chung, attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature pages.

Dated: June 6, 2017          By:   /s/ *Frederick S. Chung*
                                   Frederick S. Chung

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2017, I caused to be electronically filed the foregoing Notice of Appearance of Counsel with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.

Dated: June 6, 2017          By:   /s/ *Frederick S. Chung*
                                   Frederick S. Chung

### [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: _____, 2017

By: _____
**WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE**

Joint Case Management Conference Statement
Case No. 3:17-CV-1139-WHO