GIBSON, DUNN & CRUTCHER LLP
Josh A. Krevitt (SBN 208552)
jkrevitt@gibsondunn.com
200 Park Avenue, 47th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Attorney for Plaintiff Fitbit, Inc.*

(Additional Counsel for Plaintiff listed below signature line)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FITBIT, INC.<br><br>          Plaintiff,<br><br>  v.<br><br>ALIPHCOM d/b/a JAWBONE and BODYMEDIA, INC.<br><br>          Defendants. | Case No: 3:17-CV-1139-WHO<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge: Hon. William H. Orrick<br>Date Transferred: Mar. 6, 2017<br><br>Date: November 7, 2017<br>Time: 2:00 PM<br>Courtroom 2 – 17th Floor |

Case Management Conference Statement
Case No. 3:17-CV-1139-WHO

Plaintiff Fitbit, Inc. ("Plaintiff" or "Fitbit") hereby submits this follow-up Case Management Statement. Counsel for Defendants AliphCom d/b/a Jawbone and BodyMedia, Inc. (collectively, "Jawbone") has now withdrawn from the case, as of September 13, 2017, and Jawbone remains unrepresented. As a result, Fitbit has not had any communication with Jawbone about this case since that time, and it is unable to submit a joint statement.

In view of Jawbone's lack of representation and inability to participate in this case, and as a result of discovery that Fitbit has been able to obtain against Jawbone in ongoing parallel litigation, Fitbit intends to move for a default judgment against Jawbone within 45 days of the Case Management Conference.

### 1. **JURISDICTION AND SERVICE**

The action arises under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), and 2201.

All parties have been served and no party challenges personal jurisdiction or venue.

### 2. **FACTS**

The following facts are presently undisputed:

a) Fitbit is a corporation organized and existing under the laws of Delaware with its principal place of business located in San Francisco, California.

b) AliphCom d/b/a Jawbone ("Jawbone") is a corporation organized and existing under the laws of California with its principal place of business located in San Francisco, California.

c) BodyMedia, Inc. ("BodyMedia") is a corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. BodyMedia is a wholly owned subsidiary of AliphCom.

d) Plaintiffs and Defendant both manufacture and sell wearable fitness trackers.

e) U.S. Patent No. 8,868,377 (the "'377 patent"), entitled "Portable Monitoring Devices and Methods of Operating Same," was issued on October 21, 2014.

f) U.S. Patent No. 8,920,332 (the "'332 patent"), entitled "Wearable Heart Rate Monitor," was issued on December 30, 2014.

|     |     |
| --- | --- |
| g)  | U.S. Patent No. 9,089,760 (the "'760 patent"), entitled "System and Method for Activating a Device Based on a Record of Physical Activity," was issued on July 28, 2015. |
| h)  | Jurisdiction and venue exist over the Plaintiff in this Court. |
| i)  | Jurisdiction and venue exist over the Defendants in this Court. |

### 3. LEGAL ISSUES

As of September 13, 2017, the disputed legal issues were:

a) Whether Jawbone has infringed and is continuing to infringe the '377 patent, directly, indirectly, and/or willfully.

b) Whether Jawbone has infringed and is continuing to infringe the '332 patent, directly, indirectly, and/or willfully.

c) Whether the '377 patent is valid.

d) Whether the '332 patent is valid.

e) Whether this action is an "exceptional case" under 35 U.S.C. § 285.

f) Whether Fitbit is entitled to damages from Jawbone, and if so, the amount of damages due.

g) Whether this action warrants the entry of an injunction against Jawbone and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf.

### 4. MOTIONS

As noted above, Fitbit intends to file a motion for default judgment against Jawbone within 45 days of the Case Management Conference.

### 5. AMENDMENT OF PLEADINGS

The parties have not yet amended their existing pleadings. Nevertheless, prior to the withdrawal of Jawbone's counsel, Jawbone agreed that Fitbit could amend its complaint to withdraw the '760 patent from the patents at issue in this case.

### 6. **EVIDENCE PRESERVATION**

Counsel for the parties previously reviewed this Court's E-Discovery (ESI) Guidelines. The parties took steps to preserve relevant evidence, including the issuance of a document retention notice to individuals and document custodians reasonably likely to have information subject to discovery in this litigation.

### 7. **RELATED CASES**

No cases are related to this action under Local Rule 3-12. *See* Dkt. 50. Nevertheless, there are presently five other lawsuits pending between Fitbit and Jawbone. Fitbit filed two other lawsuits against Jawbone, both of which are in this district. Case No. 15-cv-04073 is pending before Judge Davila. Case No. 16-cv-00118 is pending before Judge Beth Labson Freeman.

Jawbone previously filed three cases against Fitbit. Case No. CGC 15-546004 in the Superior Court of the State of California (San Francisco County) is still in fact discovery, with trial set for April 30, 2018. Jawbone's second case was filed in the U.S. International Trade Commission ("ITC"). After the ITC issued a final determination in favor of Fitbit, finding no violation by Fitbit, Jawbone appealed that determination to the U.S. Court of Appeals for the Federal Circuit, which is set for oral argument on November 9, 2017. Jawbone's third case—Case No. 4:15-cv-2579—is in this District before Judge Gilliam, but is currently stayed pending the final outcome of Jawbone's ITC Investigation.

### 8. **DISCLOSURES**

The parties have made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

### 9. **DISCOVERY**

No discovery has been taken to date in this action, but the parties have agreed that documents produced in two International Trade Commission investigations (337-TA-963 and 337-TA-973), as well as in the District Court cases mentioned above, may be used in this case.

Jawbone's deadline to serve invalidity contentions in this case was September 25, 2017, and it failed to meet that deadline, as it is no longer represented by counsel.

## 10. **RELIEF**

Plaintiff seeks the relief requested in its Complaint, Dkt. 1—namely, an award of all available damages, costs, expenses, and attorneys' fees, including actual/compensatory damages and statutory damages in the form of lost profits or a reasonable royalty, reasonable attorneys' fees, costs, and expenses; the entry of an order declaring this to be an exceptional case; and a judgment that permanently enjoins Defendant and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf from further infringement, direct and indirect, of the patents-in-suit.

## 11. **SCHEDULING**

On September 13, 2017, the Court granted Defendants' counsel's unopposed motion to withdraw from the case. Since then, as noted above, the deadlines for Defendants to comply with their obligations under the modified schedule, including the deadline to serve patent invalidity contentions and the obligation to communicate with Plaintiff Fitbit, have now passed. Accordingly, as noted above, Fitbit intends to file a motion for default judgment.

## 12. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their respective Certifications of Interested Entities or Persons as required by Civil Local Rule 3-15.

Plaintiff and Defendants restate the contents of their certificate, Dkts. 4 & 11.

## 13. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 31, 2017

By: */s/ Frederick S. Chung*

**GIBSON, DUNN & CRUTCHER LLP**

JOSH A. KREVITT (SBN 208552)
jkrevitt@gibsondunn.com
200 Park Avenue, 47th Floor
New York, NY 10166
Tel: (212) 351-4000

1  Fax: (212) 351-4035

2  JASON C. LO (SBN 219030)
   jlo@gibsondunn.com
3  2029 Century Park East
   Los Angeles, CA 90067-3026
4  Tel: (310) 552-8500
   Fax: (310) 551-8741

5

   MARK N. REITER (*Pro Hac Vice*)
6  mreiter@gibsondunn.com
   2100 McKinney Avenue
7  Dallas, TX 75201-6912
   Tel: (214) 698-3100
8  Fax: (214) 571-2900

9  FREDERICK S. CHUNG
   fchung@gibsondunn.com
10 RYAN IWAHASHI
   riwahashi@gibsondunn.com
11 1881 Page Mill Road
   Palo Alto, CA 94304
12 Tel: (650) 849-5300
   Fax: (650) 849-5333
13
   *Attorneys for Plaintiff Fitbit, Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Management Conference Statement
Case No. 3:17-CV-1139-WHO

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2017, I caused to be electronically filed the foregoing Notice of Appearance of Counsel with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing systems.

Dated: October 31, 2017                    By:   /s/ *Frederick S. Chung*
                                                  Frederick S. Chung